UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
GWENDOLYN L. P.,

Plaintiff, **DECISION AND ORDER**
1:25-CV-06160-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In May of 2019, Plaintiff Gwendolyn L. P.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff represented by Osborn Law, P.C., Lindsay Morgan Trust, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on October 9, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 17). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on May 5, 2019, alleging disability beginning June 7, 2013. (T at 157-63).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on May 15, 2020, before ALJ Raymond Prybylski. (T at 46-67). ALJ Prybylski issued a decision denying the application for benefits on June 17, 2020. (T at 14-28). The Appeals Council denied Plaintiff's request for review on August 17, 2021 (T at 1-6) and Plaintiff commenced an action seeking judicial review in the United States District Court for the Southern District of New York.

On July 27, 2022, the Honorable Valerie Caproni approved a stipulation remanding the matter for further proceedings. (T at 1209-1211).

ALJ Prybylski issued a second decision denying the application for benefits on May 9, 2023. (T at 1162-81). Plaintiff commenced a second action seeking judicial review.

[2] Citations to "T" refer to the administrative record transcript at Docket No. 14.

On April 15, 2024, the Honorable Andrew L. Carter, Jr., United States District Judge, approved a stipulation remanding the matter for further proceedings. (T at 1404-1405).

An administrative hearing was held on March 6, 2025, before ALJ Sharda Singh. (T at 1383-1403). Plaintiff appeared with an attorney and testified. (T at 1390-95). The ALJ also received testimony from Barbara Lewis, a vocational expert. (T at 1395-1401).

*B. ALJ's Decision*

On May 14, 2025, ALJ Singh issued a decision denying the application for benefits. (T at 1425-1446). The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2015 (the date last insured) and did not engage in substantial gainful activity between June 7, 2013 (the alleged onset date) and the date last insured. (T at 1430).

The ALJ concluded that, as of the date last insured, Plaintiff's obesity, lumbar disc disease with radiculopathy, cervical degenerative disc disease, and depressive disorder were severe impairments as defined under the Act. (T at 1431).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or

medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 1431).

At step four of the sequential analysis, the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: no climbing ladders, ropes, scaffolds; only occasional stooping, kneeling, crouching, and crawling; she must avoid concentrated exposure to respiratory irritants; and she is limited to jobs requiring simple instructions; only occasional interaction with supervisors, coworkers, and the general public; and only occasional changes in routine workplace setting. (T at 1433).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform her past relevant work as a home health aide or resident care aide. (T at 1438).

However, considering Plaintiff's age (53 on the date last insured), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed as of the date last insured. (T at 1438).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between June 7, 2013 (the alleged onset date) and December 31, 2015 (the date last insured). (T at 1439).

ALJ Singh's decision is considered the Commissioner's final decision.

*C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on July 28, 2025. (Docket No. 1). On May 14, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 17, 18). On July 12, 2026, the Commissioner interposed a brief in opposition to the motion and requesting judgment on the pleadings. (Docket No. 20). On July 26, 2026, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 21).

## II. APPLICABLE LAW

*A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises several challenges to the ALJ's conclusion that she retained the RFC to perform a reduced range of light work. The Court will address each argument in turn.

### *A. Mental Functioning – Depression and Medication Side Effects*

The ALJ recognized Plaintiff's depressive disorder as a severe impairment. (T at 1431). The ALJ assessed no limitation in Plaintiff's ability to acquire and use information; moderate impairment with respect to social interaction; moderate limitation with regard to concentrating, persisting, or maintaining pace; and moderate impairment in adapting or managing herself as of the date last insured. (T at 1432-33).

Plaintiff argues that the ALJ underrated the impact of her depression and medication side effects on her ability to meet the mental demands of basic work activity.

The Court finds the ALJ's decision supported by substantial evidence. Here's why.

The ALJ provided a careful review of the evidence during the relevant time period, including the lack of sustained mental health treatment, generally unremarkable clinical findings, and Plaintiff's activities of daily living. (T at 1434-35). Plaintiff, who bears the burden of proof, fails to cite any medical opinion or other evidence evidencing more than moderate impairment in her mental functioning during the relevant period.

To the extent there is evidence of impairment in Plaintiff's mental functioning due to depression and/or medication side effects, the ALJ adequately accounted for that evidence by limiting Plaintiff to work involving simple instructions, with only occasional social interaction and changes in a routine work setting. (T at 1433). *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL

4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases).

*B. Use of a Cane*

Although the record documented Plaintiff's periodic use of a cane, the ALJ found that there was no evidence that a cane was medically necessary during the relevant time period. (T at 1436).

This aspect of the ALJ's decision is likewise supported by substantial evidence.

"[I]n order [for an ALJ] to find that a hand-held assistive device, such as a cane, is medically required, the record must contain medical documentation establishing the need for the device to aid in walking or standing." *Rowe v. Berryhill*, No. 1:17-CV-00208-MAT, 2018 WL 4233702, at *4 (W.D.N.Y. Sept. 6, 2018) (citing Social Security Ruling ("SSR") 96-9P, 1996 WL 374185 at *7).

In addition, "the documentation must describe the circumstances for which it is needed (i.e., all the time, periodically, or only in certain situations; distance and terrain; and other relevant information)." *Id.*

Here, although the record references Plaintiff's use of a cane during the relevant period, there is no evidence that it was medically necessary and no description of the circumstances for which it was needed.

Plaintiff points to evaluations performed by Dr. Ariel Goldin in July and December of 2012 as evidence that she needed to use a cane. However, while Dr. Goldin referenced Plaintiff's use of a cane to ambulate, she made no finding of medical necessity, recommended that chiropractic care be discontinued, and assessed only "mild disability." (T at 665, 687-88). The fact that Plaintiff was described as using a cane is, without more, insufficient to establish medical necessity. *See Podolsky v. Colvin*, No. 12 CIV. 6544 RA JLC, 2013 WL 5372536, at *16 (S.D.N.Y. Sept. 26, 2013).

*C. Lack of a Function-by-Function Assessment*

As noted above, the ALJ determined that, as of the date last insured, Plaintiff retained the RFC to perform a reduced range of light work. (T at 1433). Plaintiff contends that a remand is necessary because the ALJ did not provide a function-by-function assessment of her work-related abilities, as required under SSR 96-8p.

It is well-settled that before determining a claimant's RFC based on exertional levels (sedentary, light, medium, heavy, or very heavy), the ALJ

"must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a *function-by-function basis*." *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (emphasis added) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545, 416.945.

The work-related functions include physical abilities (standing, sitting, walking, lifting, carrying, pushing, pulling), mental abilities (understanding, remembering, carrying out instructions, and responding to supervision), and other abilities that may be impacted by impairments (seeing, hearing, ability to tolerate environmental factors). *See* SSR 96-8P; *see also* 20 C.F.R. § 404.1545(b)-(d); id. § 416.945; *Cichocki*, 729 F.3d at 176.

The Second Circuit has not adopted a *per se* rule requiring remand in cases where, as here, the ALJ failed to provide an explicit function-by-function analysis. *See Cichocki*, 729 F.3d at 176; *compare Burrows v. Barnhart*, No. 3:03CV342, 2007 WL 708627, at *13 (D. Conn. Feb. 20, 2007)("Although a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce [ ] a detailed statement in writing"), *with McMullen v. Astrue*, No. 5:05-cv-1484, 2008 WL 3884359, at *6 (N.D.N.Y. Aug. 18, 2008) (remanding because "the ALJ erred in determining that

Plaintiff could do light work before fully assessing his work-related abilities on a function-by-function basis”).

Instead, a number of Courts have generally found remand not required if it is clear that the ALJ performed a thorough review and reached a decision supported by substantial evidence. *See O'Connell v. Kijakazi*, No. 18-CV-10546 (AEK), 2021 WL 4480464, at *9 (S.D.N.Y. Sept. 30, 2021)(citing *Cichocki v. Astrue*, 729 F.3d 172, 176-77 (2d Cir. 2013)).

The Court finds the ALJ’s RFC assessment supported by substantial evidence. The ALJ provided a thorough summary of the record during the relevant period, including workers’ compensation evaluations, chiropractic treatment notes, imaging studies, and Plaintiff’s subjective complaints. (T at 1434-38). The ALJ also relied on the assessment of Dr. Julio Westerband, who performed an independent medical examination, including an extensive file review, in August of 2013. (T at 697-706). He diagnosed chronic lumbar spine pain and opined that Plaintiff had “mild partial orthopedic disability.” (T at 705).

Two State Agency review physicians, Dr. R. Abueg and Dr. A. Vinluan, opined that there was insufficient evidence to assess Plaintiff’s physical limitations during the relevant period. (T at 72, 81).

The ALJ found these opinions unpersuasive, credited the evidence of impairment in Plaintiff's physical and mental functioning, and crafted an RFC determination that accounted for that impairment by limiting Plaintiff to a reduced range of light work. (T at 1438). *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Here, although Plaintiff points to some conflicting evidence and argues for a more restrictive assessment, the ALJ's RFC determination is supported by a reasonable reading of the record and appropriate reconciliation of the evidence. It must therefore be sustained under the deferential standard of review applicable here.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED; the Commissioner's request for Judgment on the Pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: November 2, 2026

s/ Gary R. Jones

GARY R. JONES
United States Magistrate Judge